IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JACOB C. YOUNG,[1] | § | |
| | § | |
| Respondent Below, | § | No. 37, 2019 |
| Appellant, | § | |
| | § | Court Below: Family Court |
| v. | § | of the State of Delaware |
| | § | |
| DARLENE YOUNG, | § | File No. C.A. No. 17-37514 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted:  February 14, 2019
Decided:    February 18, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)     On January 25, 2019, the appellant, Jacob C. Young, filed a notice of appeal from a Family Court order dated and docketed on November 7, 2018.  Under Supreme Court Rule 6(a)(i), a timely notice of appeal should have been filed on or before December 7, 2018.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2) On January 25, 2019, the Senior Court Clerk issued a notice directing Mr. Young to show cause why this appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Mr. Young attributes the untimeliness of his notice of appeal to the fact that he was arrested in April 2018 and his resulting need to focus his attention and financial resources on the defense of that matter, as well as his unfamiliarity with the legal system as a *pro se* litigant.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(4) Mr. Young has not demonstrated that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. The appeal must be dismissed.

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] SUPR. CT. R. 10(a).
[4] *Taylor v. Powell*, 2015 WL 2452916 (Del. May 20, 2015).
[5] *Id.*

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice